UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIS MARCEL WILLIAMS,

 Petitioner,

v

WILLIE O. SMITH,

 Respondent.
_____/

Case No. 5:06-cv-171

HON. JANET T. NEFF

## **OPINION**

  This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner was convicted of armed robbery and possession of firearm during the commission of a felony. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court deny the petition (Dkt 26). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 27). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Petitioner's objections reveal no error by the Magistrate Judge. The Court therefore denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

  As he argued in his petition, Petitioner again asserts that the admission of identification evidence denied him the right to due process and a fair trial (Dkt 27 at 2). However, the Magistrate Judge established that the Michigan Court of Appeals, applying factors similar to those delineated

in *Neil v. Biggers*, 409 U.S. 188, 93 (1972), properly concluded that due process did not require suppression of the evidence (Dkt 26 at 8-9). Therefore, the State court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law. 28 U.S.C. § 2254(d). Moreover, the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Id.*

Petitioner also re-asserts that his trial counsel was ineffective for failing to object or to move to suppress the identification evidence (Dkt 27 at 2). Petitioner's assertion is without merit. The Magistrate Judge accurately applied the two-prong test established by *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and properly concluded that the identified acts or omissions of Petitioner's counsel were not outside the wide range of professionally competent assistance (Dkt 26 at 11-12). *Id.* at 690; *see also Cone v. Bell*, 243 F.3d 961, 978 (6th Cir. 2001). Moreover, a court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: February 10, 2010                         /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge